UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| D. EARL ROUSH,<br><br>       Plaintiff,<br><br>v.<br><br>REBECCA LEMKE, et al.,<br><br>       Defendants. | No. C06-1055Z<br><br>ORDER |

  Plaintiff Earl Roush has filed suit in this court seeking relief for violations of his constitutional rights under 28 U.S.C. § 1983, and violation of R.C.W. 9A.82.060, criminal profiteering. Mr. Roush named as defendants Rebecca Lemke, James Hershey, Mark Poch, the Bellevue Police Department, the City of Bellevue, and the Bellevue City Council (collectively "Bellevue Defendants"). Mr. Roush has also named as defendants the Washington State Patrol, State Trooper Robert Schroeder, State Trooper John McAuliffe, the State of Washington, the Washington Department of Transportation, and unnamed Washington Department of Transportation Employees (collectively "State Defendants"). This matter comes before the court on State Defendants' Motion for Summary Judgment, docket no. 26.

ORDER 1–

1   Mr. Roush alleges that the Washington State Patrol troopers improperly had his
2   vehicle towed on May 16, 2001 and again on June 6, 2001.  Second Amended Complaint, ¶
3   133, 137.  Mr. Roush also alleges the State Defendants were involved in a conspiracy with
4   the City of Bellevue to deprive Mr. Roush of his constitutional rights.  Id., ¶ 156, 166.  Mr.
5   Roush also alleges that the State Defendants have been involved in a pattern of criminal
6   enterprise by issuing fraudulent parking citations to generate revenues.  Id., ¶ 177.

**Motions to Strike**

Mr. Roush has moved to strike State Defendants' reply to his opposition to summary judgment.  Request to Strike Defendants' Response, docket no. 42.  The Court has discretion to consider late filings.  Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996).  Mr. Roush has alleged no prejudice to himself nor has he asked for additional time to submit materials. The Court DENIES Mr. Roush's request to strike because no prejudice exists and the matter can be decided on the merits.

State Defendants have moved to strike Mr. Roush's motion to continue discovery.  State Defendants' Reply, docket no. 37 (asking to strike docket no. 30).  Although Mr. Roush's reply and subsequent declaration seeking time for additional discovery were not in strict conformance to Federal Rules of Civil Procedure 7(b) and 7(d), the State Defendants were not prejudiced and the matter is fully briefed before this Court.  The Court therefore DENIES State Defendants' motion to strike, docket no. 37.

**Summary Judgment**

When considering a motion for summary judgment, the district court's role is not to weigh the evidence, but merely to determine whether there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997); May v. Baldwin, 109 F.3d 557, 560 (9thCir. 1997).  Summary judgment is appropriate if, after viewing the evidence in the light most favorable to the party opposing the motion, the court determines that there is no genuine issue of material fact and

ORDER  2–

the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(e); Vander v. United States Dep't of Justice, 268 F.3d 661, 663 (9th Cir. 2001); Morrison v. Hall, 261 F.3d 896, 900 (9th Cir. 2001); Freeman, 125 F.3d at 735; May, 109 F.3d at 560; Tellis v. Godinez, 5 F.3d 1314, 1316 (9th Cir. 1993).

The non-moving party may seek a continuance of decision on the summary judgment motion in order to conduct additional discovery.  See Fed. R. Civ. P. 56(f).  To obtain additional discovery, the non-moving party must submit "affidavits setting forth the particular facts expected from the movant's discovery . . . .  Under Rule 56(f), an opposing party must make clear what information is sought and how it would preclude summary judgment."  Barona Group of the Capitan Grande Band of Mission Indians v. Am. Mgmt. & Amusement, Inc., 840 F.2d 1394, 1400 (9th Cir. 1987) (citation and internal quotations omitted); see also California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).

(1) Eleventh Amendment Immunity

The State Defendants moved for summary judgment asserting that the State Defendants in their official capacity are immune from suit in federal court under the Eleventh Amendment.  State Defendants' Motion for Summary Judgment, docket no. 26, at 4.  Mr. Roush concedes that the Eleventh Amendment affords the State Defendants immunity from suit.  Plaintiff's Opposition Brief, docket no. 31, at 2.  The Court therefore GRANTS summary judgment in favor of Troopers McAuliffe and Schroeder in their official capacities, the State of Washington, the Washington Department of Transportation, and unnamed Washington Department of Transportation Employees Defendants, on the issue of Eleventh Amendment immunity.

(2) Statute of Limitations

The time in which a § 1983 claim must be brought in federal court is controlled by state statutes of limitation that apply to personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 268-71 (1985); Jones v. Vlanas, 393 F.3d 918 (9th Cir. 2004).  R.C.W. 4.16.080(2)

ORDER   3–

provides for a three year statute of limitations for personal injury actions in Washington, and controls this § 1983 claim. Rose v. Rinaldi, 654 F.2d 546, 547 (9th Cir. 1981). Mr. Roush concedes that all the actions taken by the State Defendants were more than three years prior to his commencement of this action. Plaintiff's Opposition Brief, docket no. 31, at 2. Mr. Roush's claims against the State Defendants, acting in their official capacity, are barred by Eleventh Amendment immunity and as a result, only the actions by the State Defendants in their individual capacities need to be evaluated under the statute of limitations..

Mr. Roush asks that discovery be allowed under Federal Rule of Civil Procedure 56(f) in order to provide facts that would support an exception to the statute of limitations, such as equitable tolling. Response, docket no. 31, at 2–3. Mr. Roush's complaint and declarations do not offer any factual basis for any exception to the Statute of Limitations for actions taken by State Defendants, considering the complaint and the broadest reading of all declarations on file.

Equitable tolling of the limitations period in a § 1983 action is governed by state law. Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993). In Washington, the predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff. Millay v. Cam, 135 Wn.2d 193, 206 (1998). Mr. Roush has not alleged such actions by the State Defendants nor has he shown diligence on his own behalf. The motion for summary judgment on the statute of limitations is therefore proper and Mr. Roush's claims against the State Defendants, as they are now alleged and supported, must fail.

Although Mr. Roush's pleadings are not presently able to support a claim against the State Defendants, the Court recognizes the general rule that liberal amendments to pleadings are particularly important for pro se litigants. Lopez v. Smith, 203 F.3d 1122, 1130–31 (9th Cir. 2000). When dismissing a complaint by a pro se plaintiff with prejudice, opportunities to amend should be given unless the pleading "could not possibly be cured by allegation of

ORDER  4–

other facts." Id. It would be difficult to say on the record currently before the Court that Mr. Roush's ability to prevail on a defense to the statute of limitations is completely foreclosed. The Court also recognizes that it is manifestly unfair to force a party to continue to defend a lawsuit when there is only speculation that a possible actionable claim might exist.

Accordingly, the Court GRANTS the State Defendants' Motion for Summary Judgment, docket no.26, holding that under the current pleadings, Mr. Roush's claims are barred by the statute of limitations. The Court DISMISSES the State Defendants without prejudice, and holds that Mr. Roush may amend his complaint by August 31, 2007, to re-join appropriate State Defendants in their individual capacities who are dismissed by this order if supported with sufficient factual allegations to overcome the statute of limitations defense.[1]

**Conclusion**

Because Mr. Roush concedes the arguments made by the State Defendants regarding Eleventh Amendment immunity, and because Mr. Roush's complaint and filings do not presently support any exception to the statute of limitations, the Court GRANTS the State Defendants' Motion for Summary Judgment, docket no. 26, and DENIES Mr. Roush's request for discovery, docket no. 31. In light of the absence of prejudice to Mr. Roush regarding the filing and service of the State Defendant's Reply, The Court DENIES Mr. Roush's Request to Strike Defendants' Response, docket no. 42. The Court also DENIES the State Defendants' Motion to Strike, docket no. 37, in order to reach the merits of the fully-briefed issues in this motion. The Court DISMISSES WITHOUT PREJUDICE the State Defendants in their individual capacities and GRANTS Mr. Roush until August 31, 2007, to amend his complaint and allege an actionable claim against these State Defendants. The Court DISMISSES WITH PREJUDICE the State Defendants in their official capacities.

---

[1] Mr. Roush, in his response and complaint, argues that the Washington statutes authorizing towing of vehicles are unconstitutional. See Response, docket no. 31. The Court declines to consider the constitutionality of the statutes because the issue was not briefed and is not necessary for deciding the present motion.

ORDER  5–

IT IS SO ORDERED.

DATED this 2nd day of May, 2007.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge

ORDER  6–