UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| D. EARL ROUSH,<br><br>      Plaintiff,<br><br>v.<br><br>REBECCA LEMKE, et al.,<br><br>      Defendants. | No. C06-1055Z<br><br>ORDER |

THIS MATTER comes before the Court on the remaining defendants' motion for summary judgment and plaintiff's motion for leave to amend his complaint. Having reviewed all papers filed in support of and in opposition to each motion, the Court does hereby ORDER:

 (1) Defendants' motion to strike plaintiff's response brief, docket no. 58, is DENIED.

 (2) Defendants' motion for summary judgment, docket no. 22, is GRANTED. Plaintiff's Second Amended Complaint is DISMISSED with prejudice.

 (3) Plaintiff's motion for leave to amend, docket no. 61, is DENIED.

 (4) The Clerk is directed to enter JUDGMENT consistent with this Order, to close this case, and to send a copy of this Order to all counsel of record.

ORDER  1–

**Background**

The gravamen of plaintiff D. Earl Rousch's complaint is the repeated ticketing and impounding of his vehicles, which were illegally parked in excess of a 24-hour period on Bellevue streets adjacent to the Trailers Inn RV Park, where plaintiff resided. Plaintiff asserts, and defendants do not dispute, that the ticketing began on July 6, 2000, and continued until July 27, 2003. Second Amended Complaint at ¶¶ 14 & 77 (docket no. 8); Response at 13 (docket no. 53); Answer at ¶¶ 14 & 77 (docket no. 12). Plaintiff also challenges Bellevue Ordinance No. 5252, which restricts parking on SE 37th Street, along the block adjacent to the Trailers Inn RV Park. Second Amended Complaint at ¶¶ 116-120. The ordinance took effect on December 20, 2000. Exh. 2 to Zakrzewski Decl. (docket no. 23). Plaintiff filed this action on July 26, 2006. *See* Motion for Leave to Proceed In Forma Pauperis (docket no. 1).

In this case, plaintiff alleges, pursuant to 42 U.S.C. § 1983, violations of his constitutional rights and, pursuant to RCW 9A.82.060, criminal profiteering. By Order dated May 2, 2007 (docket no. 51), the Court dismissed all claims against the Washington State Patrol, State Trooper Robert Schroeder, State Trooper John McAuliffe, the State of Washington, the Washington Department of Transportation ("DOT"), and unnamed DOT employees (collectively "State Defendants") on Eleventh Amendment immunity and/or Statute of Limitations grounds. The Court allowed plaintiff until August 31, 2007, to amend his complaint to re-join appropriate State Defendants in their individual capacities if he could allege sufficient facts to establish equitable tolling of the limitations period. Plaintiff subsequently filed a timely motion for leave to amend.

Meanwhile, defendants Bellevue Police Department, Police Lieutenant James Hershey, former Police Support Officer ("PSO") Rebecca Lemke, City of Bellevue, Traffic

ORDER 2–

Engineering Manager Mark Poch, and unnamed members of the Bellevue City Council[1] (collectively "Bellevue Defendants") filed in March 2007 the motion for summary judgment now before the Court. Plaintiff requested and was granted a continuance pursuant to Fed. R. Civ. P. 56(f) to conduct discovery before responding to the motion. Minute Order (docket no. 50). During the intervening months, plaintiff apparently served no interrogatories, requests for production, or requests for admission upon any of the Bellevue Defendants and conducted no depositions or other discovery. Zakrzewski Supp. Decl. at ¶ 3 (docket no. 59). Plaintiff filed a timely response to the motion for summary judgment, followed shortly thereafter by his motion for leave to file a third amended complaint. Both the Bellevue Defendants and the State Defendants have responded to the latter, and the pending motions are now ripe for the Court's review.

**Discussion**

**Motion to Strike**

The Bellevue Defendants have moved, pursuant to Fed. R. Civ. P. 11, to strike plaintiff's response to their motion for summary judgment and, pursuant to Fed. R. Civ. P. 37 & 56, to strike certain documents submitted in connection with said response. The Bellevue Defendants argue that plaintiff should be sanctioned for obtaining a continuance of their motion for summary judgment and then conducting no discovery before filing his response thereto. The Bellevue Defendants also contend that plaintiff has submitted unauthenticated transcripts and materials not produced in discovery. Although the Court understands the Bellevue Defendants' frustration with the delay caused by plaintiff's apparently disingenuous motion under Fed. R. Civ. P. 56(f), and with plaintiff's failure to comply with the rules of evidence and discovery, the Court does not believe justice will be served by

---

[1] Although plaintiff has not served his Second Amended Complaint on any Bellevue City Council Members, the Court includes all unnamed council members in the category of "Bellevue Defendants" and intends that they receive, to the extent permitted by applicable law, the benefit of this Order granting summary judgment against plaintiff.

ORDER  3–

striking plaintiff's response brief and supporting materials. Thus, the Court denies the Bellevue Defendants' motion to strike.

### Summary Judgment Standard

The Court must grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In support of its motion for summary judgment, the moving party need not negate the opponent's claim, *Celotex*, 477 U.S. at 323; rather, the moving party will be entitled to judgment if the evidence is not sufficient for a jury to return a verdict in favor of the opponent, *Anderson*, 477 U.S. at 249.

When a properly supported motion for summary judgment has been presented, the adverse party "may not rest upon the mere allegations or denials" of its pleadings. Fed. R. Civ. P. 56(e). The non-moving party must set forth "specific facts" demonstrating the existence of a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 256. A party cannot create a genuine issue of fact by simply asserting "some metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Likewise, discrediting the testimony proffered by the moving party will not usually constitute a sufficient response to a motion for summary judgment. *Anderson*, 477 U.S. at 256-57.

To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255, 257. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *See Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 932 (9th Cir. 2006); *see also Beard v. Banks*, 126 S. Ct. 2572, 2578 (2006) (quoting *Celotex*, 477 U.S. at 322 ("Rule

ORDER  4–

56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.")).

**Statute of Limitations**

The Bellevue Defendants seek summary judgment as to all tickets and impounds, except the infraction issued on July 27, 2003, and the associated impoundment of plaintiff's 1992 Dodge Caravan, on grounds that each action occurred more than three years before plaintiff filed this suit.[2] In response, plaintiff asserts two inapplicable theories: (i) continuing violation; and (ii) discovery rule for fraud. Plaintiff argues that the continuing violation theory used in employment discrimination cases allows him to contest tickets and impounds occurring more than three years before the filing of this suit. Plaintiff's contention has already been rejected by the Ninth Circuit. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 n.13 (9th Cir. 2002); *see also* *Young v. Quatermass*, 59 Fed. Appx. 936 (9th Cir. 2003) (affirming summary judgment dismissing § 1983 claim because plaintiff failed to show that traffic citations about which he complained were inseparable or dependent upon each other, and therefore, the continuing violation doctrine did not apply). As in *RK Ventures* and *Young*, here, plaintiff's claims are based on discrete acts, each of which is independently actionable, rather than on a series of separate acts collectively constituting one unlawful practice. Thus, the continuing violation theory is of no avail to plaintiff.

Plaintiff also seeks shelter from the statute of limitations by claiming that the Bellevue Defendants' method (or lack of uniform procedure) for identifying vehicles exceeding the 24-hour parking period was concealed from him, but plaintiff has not pleaded an action for fraud as to which the discovery rule he cites might apply. *See* RCW 4.16.080(4) (*a cause of*

---

[2] The statute of limitations applicable to claims under 42 U.S.C. § 1983 is three years. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). The statute of limitations applicable to claims of criminal profiteering is also three years. RCW 9A.82.100(7).

ORDER 5–

*action for fraud* does not accrue "until the discovery by the aggrieved party of the facts constituting the fraud" (emphasis added)); *see also* Fed. R. Civ. P. 9(b) ("In all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity."). Thus, with the exception of the July 2003 infraction and impound, plaintiff's claims, including those challenging Bellevue Ordinance No. 5252 and the signs erected pursuant thereto, are barred by the Statute of Limitations.

**July 2003 Infraction and Impound**

With respect to the events of July 2003, plaintiff appears to contend simply that the Bellevue Defendants failed to comply with state law concerning the impound of unauthorized vehicles left within a highway right of way, citing RCW 46.55.075, .085, and .240. Plaintiff fails to explain how the alleged violation of state law constitutes a cognizable claim under 42 U.S.C. § 1983. *See Sigler v. Lowrie*, 404 F.2d 659, 662 (8th Cir. 1968) (Section 1983 "is not concerned with mere violations of state law"); *Gonzales v. McEuen*, 435 F. Supp. 460, 463 (D.C. Cal. 1977) ("Not every violation of state statute . . . is a denial of due process. . . . Title 42, U.S.C. § 1983 is not concerned with violations of state law unless such violations result in an infringement of a federally protected right.").

Moreover, plaintiff provides no factual or legal support for his claim that either the infraction or the impound violated his constitutional rights. According to both the Parking Infraction and the Vehicle Impound form completed by PSO Lemke, plaintiff's vehicle was marked on July 25, 2003, at 4:30 p.m., and was not moved before issuance of a ticket on July 27, 2003, at 10:45 a.m. Exhs. 2 & 3 to Response (docket no. 53-1). Plaintiff was afforded an opportunity to contest the infraction, but was ruled against on the merits. Tr. at 35:8-12, Exh. 9 to Response (docket no. 53-1) ("The officer testified that she put a special mark on your car on the 25th. The mark was in the same location on the 27th when she issued the citation and it had not been moved. Your testimony is that you moved it multiple times during that time period. I find it highly unlikely that the mark would end up in the exact

ORDER  6–

1 same location had you moved the vehicle. I think it more likely than not that it was parked
2 there for more than 24 hours. I will make a finding that you committed."). Plaintiff offers
3 no basis for concluding that the ticket was improperly issued and no legal authority to
4 support his assertion that the Bellevue Defendants are constitutionally required to adopt a
5 uniform method for marking vehicles. Plaintiff also fails to rebut, with affirmative evidence,
6 the facts proffered by the Bellevue Defendants indicating that PSO Lemke unsuccessfully
7 attempted to reach plaintiff before towing his car and that the vehicle at issue had an expired
8 licence, could not be legally driven on any roadway, and was therefore subject to impound.
9 *See* Hershey Decl. at ¶ 6; *see also* RCW 46.55.113(2)(h) & (i) (police officer may
10 immediately impound a vehicle illegally occupying a restricted parking zone or a vehicle
11 with registration expired more than forty-five days that is parked on a public street); *State v.*
12 *Peterson*, 92 Wn. App. 899, 964 P.2d 1231 (1998) (approving impoundment when vehicle
13 had expired license tabs, driver had suspended license, and no other licensed driver was
14 available to move the car).

15       The Court concludes that plaintiff has not met his burden, under *Celotex* and its
16 progeny, to contest the Bellevue Defendants' motion for summary judgment with more than
17 the mere allegations of his pleadings. The Court is also persuaded that the individual
18 Bellevue Defendants are entitled to qualified immunity, *Hunter v. Bryant*, 502 U.S. 224, 227
19 (1991) (officers have qualified immunity from suit if "a reasonable officer could have
20 believed [his or her action] to be lawful, in light of clearly established law and the
21 information the [officer] possessed"), that the City of Bellevue and the Bellevue Police
22 Department did not have some official policy that would subject them to liability under
23 42 U.C.C. § 1983, *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691-95 (1978), and that
24 plaintiff has no standing to bring a cause of action under RCW 9A.82.060, which defines the
25 felony of leading organized crime, RCW 10.37.015 ("No person shall be held to answer in
26 any court for an alleged crime or offense, unless upon an information filed by the

ORDER 7–

prosecuting attorney, or upon an indictment by a grand jury . . . ."). The Court therefore grants summary judgment in favor of the Bellevue Defendants and dismisses plaintiff's Second Amended Complaint.

The Court also denies plaintiff's motion for leave to file a Third Amended Complaint because the amendment is based on the same flawed analysis as plaintiff's summary judgment response concerning the Statute of Limitations issues and the amendment would be futile. *See Allen v. City of Beverly Hills*, 911 F.2d 367 (9th Cir. 1990) (affirming denial of leave to amend when the plaintiff had previously amended and any subsequent amendment would be futile).

IT IS SO ORDERED.

DATED this 19th day of October, 2007.

_____
Thomas S. Zilly
United States District Judge

ORDER 8–